UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BLANE ANDERSON, | Case No. 17-CV-5527 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| HEARING LAB TECHNOLOGY, LLC, | |
| Defendant. | |

Dustin W. Massie, BAILLON THOME JOZWIAK & WANTA LLP, for plaintiff.

M. Gregory Simpson and Jacalyn N. Chinander, MEAGHER & GEER, PLLP, for defendant.

This matter is before the Court on the motion of defendant Hearing Lab Technology, LLC ("HLT"), to dismiss the complaint of plaintiff Blane Anderson for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A hearing was held on March 30, 2018. Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the hearing, the Court grants HLT's motion to dismiss.

To briefly summarize: HLT hired Anderson as an audiologist to provide hearing tests and hearing-aid demonstrations to customers visiting its booth at a Sam's Club in Eagan, Minnesota. Compl., ECF No. 2-1, ¶¶ 13-14, 16-17. Anderson alleges that HLT's protocol required him to demonstrate hearing aids on every patient who voluntarily submitted to a hearing test, regardless of the patient's degree of hearing loss. *Id*. ¶¶ 21-

23. This protocol, he alleges, "falsely gave [patients] the impression [that] their hearing was impaired and [that they] needed a hearing device." *Id.* ¶ 20. Anderson further alleges that he was fired after reporting to his superiors that the protocol was fraudulent and "would create the likelihood of confusion and misunderstanding regarding a patient's need for the hearing devices." *Id.* ¶¶ 5-7.

The Minnesota Whistleblower Act ("MWA") prohibits an employer from discharging an employee because he, "in good faith, reports a violation[ or] suspected violation . . . of any federal or state law or common law[.]" Minn. Stat. § 181.932, subd. 1(1). Anderson claims that HLT violated the MWA by firing him for reporting actions that amounted to common-law fraud and that violated the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1, and the Deceptive Acts Perpetrated Against Senior Citizens or Disabled Persons Act, Minn. Stat. § 325F.71, subd. 2. Compl. ¶ 42. To succeed on his MWA claim, Anderson "needs to have reported facts that, if true, constituted an *actual* violation of the law." *Schwab v. Altaquip LLC*, No. 14-CV-1731 (PJS/JSM), 2015 WL 5092036, at *3 (D. Minn. Aug. 28, 2015) (emphasis original).

Anderson's complaint fails to plead such facts. At bottom, Anderson objected to HLT's protocol because, in his view, it *implied* to customers that their hearing loss was worse—and their need for a hearing aid was greater—than was in fact the case. But

HLT's protocol allowed—in fact, *required*—Anderson to use his professional judgment to explain the test results. *See* ECF No. 16, Ex. A (Step 12 of the protocol required Anderson to "educate [the patient] on the [hearing test] results"). Moreover, nothing in HLT's protocol restricted Anderson from making a recommendation about whether a hearing aid was necessary and explaining the basis for his recommendation. Because HLT's protocol left Anderson free to ensure that his patients were not misled in any way, Anderson has failed to plead a plausible claim that HLT's protocol was fraudulent or otherwise violated the law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his brief and then at oral argument, Anderson identified other ways in which HLT's protocol allegedly violated the law. *See, e.g.*, ECF No. 15 at 3 (alleging for the first time that Anderson reported that the hearing test itself is "misleading because it requires patients to determine the 'loudness' of sounds play at consecutively higher pitches" when instead "[s]ounds should be played at varying decibels to evaluate hearing"); *id.* at 5 (suggesting that HLT violated another provision of the MWA, Minn. Stat. 181.932, subd. 1(3), which prohibits an employer from discharging an employee who "refuses an employer's order to perform an action that the employee has an objective basis in fact to believe violates any state or federal law"); *id.* at 12 (alleging for the first time that Anderson's reports implicated violations of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69). None of these allegations were pleaded (or pleaded

clearly) in Anderson's complaint, however, and all of these allegations seem to suffer from the same infirmities as the allegations that were pleaded. Nevertheless, because it is conceivable that Anderson could plead a viable MWA claim, the Court will dismiss his complaint without prejudice. *See Rickmyer v. Browne*, 995 F. Supp. 2d 989, 1018 (D. Minn. 2014) ("[D]ecisions from the Eighth Circuit and this Court generally favor dismissals under Rule 12(b)(6) without prejudice, at least where there is no evidence of persistent pleading failures.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to dismiss [ECF No. 10] is GRANTED and plaintiff's complaint [ECF No. 2-1] is DISMISSED WITHOUT PREJUDICE.

Dated: April 3, 2018  s/Patrick J. Schiltz
  Patrick J. Schiltz
  United States District Judge